W. H. McLAURIN v. M. CRONLY.

*Practice—Allegation and Proof.*

1. Proof without allegation is as ineffective as allegation without proof, and the court will take no notice of proof unless there be a corresponding allegation.

2. In this case, an equitable defence was set up in the answer, but abandoned on the trial for the want of evidence to sustain it ; and it was held error to receive evidence to support a new equitable defence, not suggested in the pleadings, but set up *ore tenus.*

(*McKee* v. *Lineberger,* 69 N. C., 217; *Shelton* v. *Davis, Ib.,* 324; *Rand* v. *Bank,* 77 N. C., 152; *Carpenter* v. *Huffsteller,* 87 N. C., 273; *Grant* v. *Burgwyn,* 88 N. C., 95, cited and approved).

EJECTMENT tried at January Special Term, 1883, of RICH-MOND Superior Court, before *Graves, J.*

Judgment for defendant; appeal by plaintiff.

Messrs. *J. D. Shaw, T. A. McNeill* and *Frank McNeill,* for plaintiff.
Messrs. *Burwell, Walker & Tillett,* for defendant.

MERRIMON, J.   The plaintiff alleges that he is the owner in fee of the land specified in the complaint, and entitled to the possession thereof ; that the defendant unlawfully withholds the possession of the same, and he is thereby endamaged, and demands judgment for the possession of the land, for damages and costs.

The defendant denies all the allegations in the complaint.

McLAURIN v. CONLY.

Both the plaintiff and defendant claimed title to the land under John C. McLaurin; the plaintiff, by his deed of bargain ·and sale, executed the 22d day of January, 1867; the defendant, by his like deed, executed on the 23d day of August 1873.

The defendant alleges in his answer, that on the 16th day of August, 1862, the said John C. McLaurin executed to him a deed, conveying the fee simple interest in the land; that said deed was accidentally lost or destroyed, without having been registered; that the said deed of the 23d day of August, 1873, was executed to him in *substitution* for the lost deed, and it has been duly registered; and he further avers, that the plaintiff had knowledge at the time he took his deed, that the defendant had purchased the land and received a conveyance for the same in August, 1862, and demanded judgment, that he be declared to be the owner of the land; that the plaintiff be decreed to hold any title he might have to the land in trust for defendant; and required to convey such title to him, and for general relief.

On the trial, a proper issue was submitted to the jury, involving the defense thus set up, but there was no evidence to support the affirmative of the same, and the court so instructed the jury; and indeed, this defense was abandoned.

On the trial, however, evidence was admitted by the court, tending to prove that sometime in 1862, John C. McLaurin contracted by parol for the price of $860, in Confederate money paid to him, to convey the land to defendant, and that the plaintiff had notice of this parol contract; that no deed was ever made in pursuance of such contract until the execution of the deed of 1873, and it purported to be in *substitution* for a supposed lost deed. The court received the evidence, and submitted the same to the jury. The jury found a verdict for defendant, the court gave judgment for him, and the plaintiff excepted.

There was no defense, such as that developed by the evidence, set up by the defendant in his answer, nor was the same hinted at in the pleadings.

In every action brought in the superior court, the cause of

action and the various defenses thereto, must be set forth in the record by proper pleadings. Pleading is essential, and cannot be dispensed with, certainly in litigated matters. Reason and common justice, as well as The Code, require that the plaintiff shall state in a plain, strong, intelligible manner his grounds of action, and that the defendant shall in like manner state the grounds of his defense, and any counter-claims or demands he may have and desires to set up. This is not mere matter of form. It is of the essential substance of the litigation. It is necessary to the end the contending parties may understand and prepare to meet, each the other's contention, and prepare himself for the trial of issues of law or fact presented, that the court may have a proper, just and thorough apprehension of the controversy, and that the same may go into the record and stand as a perpetual memorial of the litigation, and all that it embraces. Any other course of procedure would lead to endless confusion and litigation. If this were not done, it would be difficult to show what any litigation embraced or that it had been settled and ended, and when and how. It is not sufficient that the plaintiff has a cause of action and can prove it: he must first plead it, then prove it. Likewise, it is not sufficient that the defendant has a good and meritorious defense: he, too, must first plead it, and then prove it.

Hence, in *McKee* v. *Lineberger*, 69 N. C., 217, the late Chief-Justice Pearson said: There must be *allegata et probata;* and under the new system as under the old, the court cannot take notice of any proof, unless there be a corresponding allegation. Proof without allegation is as ineffective as allegation without proof. The record, either as originally framed or as made by amendment, must set out the case as well on the part of the defendant as on the part of the plaintiff."

The same learned judge, in *Shelton* v. *Davis*, 69 N. C., 324, said: "For the idea of giving the plaintiff judgment upon a state of facts not alleged in the complaint and entirely inconsistent with it, whatever may be said in regard to the progress of

the age, and the liberal and enlarged views of C. C. P. is a proposition which no member of this court can for a moment entertain." To the like effect is *Rand* v. *State Nat. Bank*, 77 N. C., 152.

And in *Carpenter* v. *Huffsteller*, 87 N. C., 273, Mr. Justice RUFFIN said: "The rule that the *allegata et probata* must correspond, obtains under the Code the same as under the old system, and it is as much incumbent upon a plaintiff to prove his case as alleged, as it ever was. The only observable difference between the old and the new system is, that the latter has introduced a new rule for determining what a variance is, and its consequences. A variance, so slight and unimportant that the adverse party cannot have been misled by it, is deemed immaterial, and the court will either order an amendment without terms, or will consider the pleading as if amended, and permit evidence to be given under it. And even in a case of material variance, so substantial that the adverse party may have been misled by the averments, still if the proofs have an apparent relation to and connection with the allegations, the court will allow of an amendment, though upon terms. But where the proof establishes a case wholly different from the one alleged and inconsistent therewith, then no amendment is permitted, but the cause of action must fail." See also *Grant* v. *Burgwyn*, 88 N. C., 95.

In the case before us, the defendant, having denied the allegations in the complaint, set up in his answer an equitable defense. This, however, in the total absence of proof to sustain it, was abandoned on the trial; and thereupon a new equitable defense, not suggested or hinted at in the pleadings, was set up *ore tenus*, and evidence was received to support it. This was not only irregular, but in the face of the plain provisions of THE CODE, §§ 243, 244, 245, which point out how defenses must be pleaded in the various aspects of the defendant's grounds of defense. The whole of the evidence offered to support the defense thus set up was incompetent; nor was it pertinent to support any defense properly before the court, and it ought to have been rejected.

We do not mean to say that the defense thus relied upon was in itself without merit; as. to this, we express no opinion. But it ought to have been pleaded properly and in apt time. Possibly the court could have allowed an amendment pending the trial, on terms, but if this could not have been done, then, if the defendant on the trial learned for the first time of such defense, he might have applied to the court to direct a mistrial. At all events, it was error to allow this defense to be thus set up and to receive evidence to establish it.

Surely the code-system of pleading ought to be regarded as liberal and comprehensive enough to meet the convenience of the most latitudinarian pleader; still, their seems to be a growing disposition to extend, go beyond, and sometimes abandon even that. This is, in our judgment, unwise and subversive of the integrity of all judicial procedure, and ought not to be tolerated, much less encouraged by the courts. Pleading is essential in civil procedure, and *procedure* is a necessary branch of legal science, as much so as the great principles underlying and defining human rights. Indeed, the latter would be of little value without efficient methods of carrying them into practical effect. Legal science is really, in very large degree, the embodiment of principles and procedure, and one great principle of law is, that both shall be alike upheld, and the former enforced through the latter. Principles without procedure would be inert, and *vice versa*.

An important part of every code of laws is that settling and defining the methods of legal procedure. In this rest the life, vigor and efficiency of the law. It is, therefore, unwise to underrate its importance. It is of the highest moment to observe and uphold it with consideration and care. It is dangerous to allow and tolerate careless practice under procedure law. Such practice never fails to impair the due administration of justice, and sometimes results in defeating the ends of the law.

The interesting questions ably argued by counsel before this court in this case are not properly before us, and we cannot, therefore, decide them.

There is error, for which a new trial must be awarded. Judgment accordingly.   Let this be certified.

Error.                                          *Venire de novo.*