A. F. ABERNATHY v. JOSEPH SEAGLE and MARGARET SEAGLE.

*Amendment— Variance—Pleading.*

1. Proof without allegation is as ineffective as allegation without proof.

2. Where there is a variance between the proofs and the allegations in the pleadings, the latter should be amended—if the amendment does not substantially change the action—to conform to the evidence, or an issue should be submitted corresponding to the facts proved, so that the pleadings may be properly amended, on such terms as the Court may prescribe.

(*McKee* v. *Lineberger*, 69 N. C., 217; *Shelton* v. *David*, Ibid., 324; *McLauren* v. *Conley*, 90 N. C., 50, cited).

CIVIL ACTION, tried before *McRae, Judge,* at Fall Term, 1887, of the Superior Court of CATAWBA county.

The allegations of the complaint, as amended, summarily expressed, are:

1. The land in dispute belonged to one Jacob Jarrett, who contracted with Joseph Seagle to sell the same to 'him, and gave bond to make title on payment of the purchase money, and the vendee did pay most of what was due.

2. The plaintiff afterwards recovered judgment against Seagle before a justice of the peace, which was docketed in the Superior Court, and at a sale under execution issuing thereon, bought the land at the price of $75—a sum more than sufficient to satisfy the execution, and took the sheriff's deed thereon.

3. Seagle, having paid the residue of what he was owing for the land, or it having been paid by the defendant Margaret or one Ella Seagle out of his money or effects, instead of having the land conveyed to himself caused the deed to be made to the said Margaret, she and Ella being his daughters, with intent to place it beyond the reach of his creditors, and to defraud the plaintiff.

The demand is to have the said Margaret declared a trus-

tee to the amount of plaintiff's debt, and to subject the land to its payment.

The answer of the defendant Margaret denies the material allegations of the complaint, or avers a want of knowledge or information sufficient to form a belief of their truth; and thereupon certain issues were made up, to be passed upon by the jury, which, with the responses to each, are as follows:

1. Did plaintiff recover judgment against defendant Joseph Seagle, as set out in the complaint?   Answer: Yes.

2. Had the defendant Joseph Seagle, before the rendition of said judgment, entered into a contract for the purchase of the land described in the complaint with one Jacob Jarrett? Answer: Yes.

3. Was the purchase money for said land paid by defendant Joseph Seagle, or by the other defendant, or by any one else out of the money, property and effects of the said Joseph Seagle?   Answer: Yes.

4. Did Joseph Seagle procure a deed to be made by Jacob Jarrett to Morgarett Seagle for the purpose of hindering and delaying the creditors of Joseph Seagle, and did Margaret receive the same for that purpose, or without consideration? Answer: No.

5. Did plaintiff, Abernathy, purchase the land described in the complaint at execution sale upon said judgment, and bid the full amount of his judgment, or what amount? Answer: Yes, full amount of his judgment.

It was in evidence that in 1869 Jacob Jarrett gave his bond for title for the land in question to Joseph Seagle; that about $50.00 was paid in cash, and two or three notes given for the balance, payable in separate installments.

That Seagle had very little property, but had $50 in money when the trade was made; the purchase price of the land was about $125 or $130.

It was also in evidence that Seagle said he would not pay the judgment, but would *fix* the land so that it could not be

sold under the judgment; that he would divide it among his children.

It was also in evidence that in 1866 or 1867, Jarrett had given a bond for title for the same land to one Stallings, a son-in-law of Seagle, prior to the bond which he had given to Seagle, and that this bond to Stallings was in possession of Seagle for several years, while Seagle claimed the land,. and while Seagle held the bond for title which Jarrett had made to him (Seagle).

It was in evidence that after the death of Jacob Jarrett, his heirs, all being of age, made a deed to Stallings for the land in controversy, upon payment by Margaret Seagle to· them of $20 in cash and the giving of her notes to said heirs for the remainder of purchase money, which notes were subsequently paid; and that the arrangement was that, upon payment by Margaret of the amounts stated, she was to have fifty acres of said land; and that on the 27th of January, 1879, Stallings made a deed for the whole tract to· said Margaret, though Stallings kept 20 acres.

It was in evidence that Stallings was a very poor man,. unable to pay the purchase money of the land, but lived upon the land; that Margaret was of age and worked for herself, and made some money from 1875; that Joseph Seagle and his family lived upon the land with his daughter Margaret and another.

There was no evidence of any deed from Jacob Jarrett to· Margaret Seagle.

Upon the 4th issue the presiding Judge instructed the jury that there was no evidence that a deed was made by Jacob Jarrett to Margaret Seagle for this land, and that the response to this issue should be " No." Plaintiff excepted.

There was no motion by plaintiff to amend the complaint.

The plaintiff's counsel contended that the variance between the allegations and proofs, upon the 4th issue, was immaterial, and moved for judgment for plaintiff.

Motion denied, and plaintiff excepted; judgment for defendant.

Plaintiff appealed.

*Mr. M. L. McCorkle,* for the plaintiff.
*Mr. John F. Hoke* for the defendants.

SMITH, C. J., (after stating the case). The only exception presented is to the instruction given to the jury, that there was no evidence of the execution of any deed from Jacob Jarrett to Margaret Seagle for this land, and that their response to the fourth issue should be "No."

There certainly was none offered to sustain it in its present form, and while the title did reach her in the circuitous manner stated, it did not, as alleged in the complaint and as embodied in the issue, and no amendment was asked to adapt the issue to the facts in proof, and thus avoid a variance, as perhaps would have been allowed under section 269 of *The Code.* There was then a failure to establish a material fact alleged and necessary to the plaintiff's relief in the premises. "There must be," in the words of the late Chief Justice, "*allegata et probata,* and under the new system, as under the old, the Court cannot take notice of any proof unless there be a corresponding allegation."

Proof without allegation is as ineffective as allegation without proof. *McKee* v. *Lineberger,* 69 N. C., 217.

The same eminent Judge, speaking in reference to a want of correspondence between the allegations and the evidence, says, that under sections 128, 129, 132 of C. C. P., a plaintiff may sue for a horse and recover a cow (which Blackstone treats as an absurdity); but in order to that, when the variance appears, the plaintiff *must obtain leave to amend* by striking out "horse" and inserting "cow," or else the party must find the facts specially, or the case must be submitted to the jury on issues, so that the *pleadings may be amended*

*and be made to conform to the facts proved* on such terms as the Judge may deem proper, "unless the amendment affects the merits and substantially changes the claim or defence." *Shelton* v. *David*, Ibid., 328. To the same effect is *McLaurin* v. *Conly*, 90 N. C., 50.

The variance was material. The complaint (and the issue conforms to it) avers that Seagle, instead of causing the deed to be made to himself, according to the contract, caused it "to be made by said Jarrett directly to said Margaret Seagle," and this "for the purpose of hindering the said Seagle's creditors and defrauding them of their debts."

The proof is that the heirs of Jarrett, after his death, made the deed to Stallings, pursuant to a title bond the deceased had given to him before that given to Seagle, and that upon the terms stated in the case on appeal. An amendment thus became necessary, and as the appellant would not ask it, but preferred to stand upon his complaint, judgment was rightfully given against him.

We have not considered, because not necessary in determining the appeal, the other point made by counsel of appellee, that the debt was extinguished by the sale and purchase by the plaintiff under his execution, and the taking the sheriff's deed therefor, as alleged in the complaint, the statutory remedy, if applicable to the case, having the effect of re-instating the claim in another form to the purchasing plaintiff.

There is no error, and the judgment is affirmed.

Affirmed.