J. N. GREER and H. C. MARKS v. A. L. HERREN.

*Pleading—Trial.*

It is required of parties to actions to set forth in their pleadings their causes of action or matters of defence; and the Court should not admit evidence or instruct the jury upon any contention not properly made in the record.

This is a CIVIL ACTION, which was tried before *Montgomery, J.*, at Fall Term, 1887, of HAYWOOD Superior Court.

The complaint alleges, in substance, that on the 24th day of September, 1874, the plaintiffs became sureties of the defendant, to his single bond executed to Hewlit Sullivan, for the sum of $1,500, due six months from date, with interest from date at a stipulated rate; that afterwards, they were, as

such sureties, compelled to pay this debt and interest; that afterwards, the defendant was duly adjudged a bankrupt, and received a discharge in bankruptcy; that after the defendant received such discharge, within three years next before the commencement of this action, the defendant promised to pay to them the sum of money, and the interest thereon, that they had so been compelled to pay for him, as his said sureties, &c.

The defendant, in his answer, denied the material allegations of the complaint, and pleaded the statute of limitations.

On the trial, the parties agreed upon the following, as the issues of fact raised by the pleadings, and the jury responded thereto, as stated at the end of each:

1. What amount, if any, did plaintiffs pay as sureties of defendant? Answer. Whole note, except $50 and interest, as stated in note.

2. Has the defendant, since his discharge in bankruptcy, promised to pay the plaintiffs the amount so paid by them? Answer. Yes.

3. Has plaintiffs' cause of action accrued within three years before commencement of action? Answer. Yes.

The following is so much of the case settled on appeal as need be set forth here:

"It was admitted by the defendant, that there was no evidence to go to the jury, that the plaintiffs' cause of action did not accrue within three years of the commencement of the action, or that it was barred by the statute of limitations.

The plaintiffs introduced evidence tending to prove the truth of their allegations, and the defendant offered evidence tending to prove they were not true.

The defendant also offered in evidence copies of an alleged agreement between himself and the plaintiffs, and of a mortgage which he had executed to them. There was evidence

that the mortgage was worthless, and that plaintiffs never realized anything from it.

The defendant's counsel asked the Court to instruct the jury, that if they should find, "that the plaintiffs agreed to withdraw their objections to defendant's obtaining his discharge in bankruptcy, then that plaintiffs could not recover in this action, though the defendant, after his final discharge in bankruptcy, made an express promise to pay them the amount they had paid for him as his sureties on the note." This the Court declined to give, and the defendant excepted, and this was the only exception in the case."

There was a verdict and judgment for the plaintiffs, from which judgment the defendant appealed.

*Mr. W. W. Jones,* for the plaintiffs.
*Mr. R. D. Gilmer,* for the defendant.

MERRIMON, J., (after stating the case). It must be taken that there was evidence given on the trial to prove that the promise to pay the debt, as alleged, was made within three years next before the action began. A material part of the plaintiffs' alleged cause of action was, that the promise was so made. The case settled on appeal states, that they produced "evidence tending to prove the truth of their allegations"—this statement is general, and, fairly interpreted, applies to all the material allegations. Moreover, so far as appears, no objection was made that there was no such evidence.

The answer simply denies the material allegations of the complaint, and pleads, as further defenses, the defendant's discharge in bankruptcy and the statute of limitations. There is no allegation that the consideration of the alleged promise was fraudulent, or otherwise than as alleged in the complaint. Nor, particularly, was it alleged by the defendant, in his answer, that he had paid the debt, which was the

consideration of the promise, or secured the payment of the same by a mortgage of property, or other valuable thing.

Therefore, the evidence offered by the defendant, as to a suggested agreement and mortgage, was not pertinent or material to any alleged defense, and should have been excluded. The defendant must not only have a defense—he must plead it, else the Court will not take notice of it. There must be *allegata et probata. McLaurin* v. *Conly,* 90 N. C., 50, and cases there cited.

As to the special instruction asked for by the defendant, there was no alleged defense to which it was applicable, and if there had been, so far as appears, there was no evidence produced that warranted it. The Court therefore properly refused to give it.

Judgment affirmed.