ISAAC H. SMITH v. EASTERN BUILDING AND LOAN ASSO-
CIATION OF SYRACUSE.

*Action for Breach of Contract—Pleading and Proof—
Variance.*

1. A recovery cannot be had on the allegation of one cause of
   action and the proof of another for the reason that the
   defendant, however diligent, cannot prepare his defence to
   meet surprises.
2. Plaintiff brought action on a contract whereby he agreed to
   act as agent of a building and loan association and to pay
   his own expenses, in consideration of being paid commis-
   sions for stock sold by him with renewal interest in monthly
   installments, alleging certain amounts to be due him on
   each, and alleged a wrongful repudiation of the contract by
   defendant  The defendant pleaded payment of the amounts
   earned on the renewal interest, and on the trial plaintiff
   abandoned his claim as to the commissions and as to the
   breach of contract: *Held*, that plaintiff cannot recover the
   expenses incurred by him in behalf of defendant in render-
   ing the services under the contract, that cause of action not
   having been pleaded.

CIVIL ACTION, tried before *Brown, J.*, and a jury, at
Fall Term, 1894, of CRAVEN Superior Court, after excep-
tions by both parties to the report of referees (to whom the
action had been sent under *The Code*) and a demand by
the defendant for a jury trial.

The complaint was as follows (omitting the second clause
of action which was abandoned):

"I. That the defendant is a corporation duly incor-
porated under the laws of the State of New York, as plain-
tiff is informed and believes.

"II. That on the 23rd day of December, 189_, the defend-
ant entered into a contract with the plaintiff, a copy of
which is hereto attached and made a part hereof, marked
"A."

"III. That the plaintiff fully performed said contract upon his part.

"IV. That subsequently the defendant agreed with the plaintiff to pay the plaintiff the whole of the membership fee, to-wit: One dollar per share on installment stock instead of 95 per cent. thereof, as specified in said contract. Said agreement is contained in a letter dated the_____day of_____, a copy of which is hereto attached, marked "B."

"V. That under said agreement and contract the plaintiff sold twenty-five thousand four hundred and ninety-nine shares of installment stock and collected the membership fee thereon.

"VI. That the defendant without cause and in violation of said contract, refused to issue said stock so sold by the plaintiff, whereby the plaintiff lost the membership fee on said stock, which amounted to the sum of twenty-five thousand four hundred and ninety-nine dollars.

"VII. That from the date of said contract until the commencement of this action, a period of fourteen months, the defendant received monthly installments on about fifteen hundred shares of stock which had been sold by the plaintiff for the defendant in the States of North Carolina and Alabama.

"VIII. That under said contract defendant agreed to pay the plaintiff the sum of one and one-half cents per share on all monthly installments of said stock, which amounted to the sum of three hundred and fifteen dollars during said period.

"IX. That the sums hereinbefore specified, though due and demanded by the plaintiff, have not been paid by the defendant.

"X. That the defendant, as an inducement to the plaintiff to greater activity in the interest of the defendant, agreed

to continue said renewal interest of one and one-half cents per share on all monthly installments of stock until the maturity of said stock, to-wit : Seventy-eight months from its issue.

"XI. That the defendant has unlawfully repudiated its said contract with the plaintiff; whereby the plaintiff has been damaged by the loss of the renewal interest aforesaid on about fifteen hundred shares of installment stock for the period of sixty-four months subsequent to the commencement of this action, amounting to the sum of fourteen hundred and forty dollars, and on twenty-five thousand four hundred and ninety-nine shares for the period of seventy-eight months, amounting to twenty-nine thousand eight hundred and thirty-three 44-100 dollars, the two said amounts aggregating $31,273.44."

For a second cause of action the plaintiff alleges :

"I. That prior to the 1st day of September, 1891, the defendant agreed to pay to every State and district agent representing it the sum of one hundred dollars for every 2,000 shares of stock in good standing in his territory on the 1st day of September, 1891.

"II. That on the said 1st day of September, 1891, the plaintiff, who was then a State agent of the defendant, had more than two thousand shares of stock in good standing in his territory.

"III. That the said sum of one hundred dollars, though due and demanded by the plaintiff, has not been paid.

"Wherefore, the plaintiff demands judgment, for the sum of fifty-six thousand eight hundred and seventy-two 44-100 dollars damages and for costs."

The contract referred to in the complaint was as follows:

"This agreement between the Eastern Building and Loan Association of Syracuse, New York, an incorporated Company under the laws of New York, represented by

SMITH *v.* BUILDING AND LOAN ASSOCIATION.

John J. W. Reynolds, its Secretary and general manager, having authority to contract as herein stipulated, as party of the first part and Isaac H. Smith, of New Berne, N. C., party of the second part, witnesseth, as follows, viz:

"The said Eastern Building and Loan Association of Syracuse, N. Y., being desirous of extending its business over the State of North Carolina, hereby appoints the said Isaac H. Smith, party of the second part, as their agent in the State of North Carolina, to carry into effect its purposes and to extend its business in said State, with his central and principal office at the city of New Berne, N. C., under and by virtue of the powers granted to him, as follows:—To visit, build and re-organize, when necessary, all the local boards located within the said territory, and to establish other local boards at other points throughout the State under the laws, rules and regulations of said Company, and for that purpose, also, to put such agents and agencies in the field and into effect as promises the best results not inconsistent with the rules of said Company, calculated to increase and extend the business of said corporation in said State, either by district agencies or boards, or other means, so that a strict and accurate account of said business may be had and kept at his said central office and at the said district agencies and local board, open at all times to the inspection, revision and control of said corporation as their interest in managing their general business at Syracuse, N. Y., may demand or require.

"Second. To organize local boards all over the balance of the territory as soon as practicable and possible and as the interest of both parties may seem to demand.

"Third. To place in the field canvassing and district agents and managers as fast as the same can be prudently done.

SMITH v. BUILDING AND LOAN ASSOCIATION.

" Fourth. To assist in making and supervising loans, and selling shares of stock.

" Fifth. To do and perform such general duties as will seem to be required to build up, strengthen and extend the business of said Association in said State always under such general or specific directions as said corporation may lawfully and reasonably adopt to extend its business.

" Sixth. To give bond with good and sufficient security of not less than three thousand dollars ($3,000), at any time to be increased as the demands of the business may require in the judgment of said first party.

" Seventh. It is further expressly agreed that in addition to the territory above named, the said second party shall act as special agent for the procurement of business among the colored people only, in such towns and places within the State of Alabama as may be designated from time to time by said first party, and to exercise the same supervision over the business and agents so procured in said territory as in the State of North Carolina.

" In consideration for said duties performed or caused to be performed by said second party at his own costs and expense, the first party hereby agrees to pay said second party for such services the following sums and commissions, to-wit: Two dollars per share on all paid up stock or fully paid certificates, procured by or through him in said territory, 95 per cent. of the membership fee on all installment stock, together with a renewal interest of one and one-half cents (1½) per share on all monthly installments on stock within said State and special territory of Alabama.

" It is expressly agreed and understood, however, that the said second party shall continue to receive and compile reports and remit all such monthly payments of the several local boards in his territory excepting from such local boards as said first party shall notify from time to time to

remit to the home office, but in all cases the said party is to allow a collection fee to the local collectors of the said local boards of ¾ of one cent per share per month. The said second party agrees to devote his entire time, talent and energies to the upbuilding of the business within the said territory, and in consideration thereof the said first party agrees that before establishing any agent or agencies for the procurement of colored business in Alabama it will consult the said second party.

" Signed and acknowledged in duplicate by the respective parties at Syracuse, N. Y., on this 23rd day of December, A. D. 1891. "

The issues submitted to the jury and the responses thereto were as follows :

"1. Has the $315 referred to in section 8 of the complaint, been paid by defendant ?  Answer : No.

"2. Did the defendant unlawfully repudiate the said contract as alleged in section 11 of complaint ?  Answer : No.

"3. If so, what damage is plaintiff entitled to recover ? Answer : Nothing."

It was admitted that the contract set up in section 2 of complaint was duly executed by plaintiff and defendant, and that a true copy of the paper-writing is attached to the complaint.

It was admitted that defendant terminated said contract and discharged the plaintiff as its agent on November 3rd, 1892.

The plaintiff's counsel abandoned the claims and rewards set out in sections 5 and 6 of complaint and says the plaintiff claims nothing on that account.

The defendant admits that there was due the plaintiff the sum of $315 on account of the monthly installments referred to in sections 7 and 8 of complaint, but says that

said sum has been fully paid before commencement of this action.

The plaintiff also abandoned all claim for the item of 1500 shares of installment stock for period of 64 months subsequent to the commencement of this action, amounting to the sum of $1,440 as set up in section 11 of complaint, and plaintiff also abandoned the claim for 25,499 shares for the period of 78 months amounting to $29,833.44 as set out in section 11 of complaint.

Isaac H. Smith's testimony was read to jury in his own behalf. In the written examination of this witness appeared this language,

"From December, 1891, to December, 1892, I spent five thousand dollars out of my own pocket in and about work for the Association."

The defendant's counsel in apt time objected to this evidence upon following grounds:

1st. Because it is not responsive or pertinent to any allegation of the complaint.

2nd. Because in section 11 of the complaint the plaintiff has clearly stated the alleged repudiation of the contract and expressed in clear language the sources of his damage on account of the two items of stock set out in section 11 of complaint, and that upon the principle of *expressio unius, exclusio alterius*, it must be taken that those were the only damages sustained, and to allow others would take defendant by surprise.

The Court held the objections well taken, for the reasons given and for the further reason that the statement is entirely too general and also because the contract set out in complaint requires plaintiff to pay his own expenses and nowhere authorizes the plaintiff to spend $5,000 out of his own pocket for defendant, or any other sum, and excluded the evidence and plaintiff duly excepted.

The plaintiff offered no other evidence, except the written testimony taken down by the referees, and closed his case in chief.

At the close of plaintiff's case the Court announced:

1st. That upon the evidence offered the jury would be instructed to answer the 2nd issue "No," as there was no evidence that the defendant had unlawfully repudiated the contract of agency; that while defendant had terminated the agency and discharged plaintiff on November 3, 1892, such discharge was not unlawful.

2nd. That whether such termination was lawful or wrongful and unlawful, there was no sufficient evidence of damage and that the jury would be directed to answer 3rd issue "Nothing," the plaintiff having abandoned the two specific items of damages set out in section 11 of complaint.

3rd. That the only issue open to be contested before the jury is the 1st issue.

To these rulings of the Court as above set out the plaintiff duly excepted.

There was a verdict for plaintiff on 1st issue.

Motion for new trial for error of the Court in respect to the other issues refused. There was judgment for plaintiff on first issue and plaintiff appealed.

*Mr. W. W. Clark*, for plaintiff (appellant).

*Messrs. M. DeW. Stevenson* and *W. S. Pearson*, for defendant.

AVERY, J.: It is a well settled legal principle, repeatedly recognized by this Court, that a recovery cannot be had upon proof without corresponding allegations. *McLaurin* v. *Cronly*, 90 N. C., 50; *Abernathy* v. *Seagle*, 98 N. C., 553; *Greer* v. *Herren*, 99 N. C., 492. The plaintiff in the progress of the trial abandoned his second cause of action entirely, as well as that founded on the breach of

contract alleged in section 5 and 6, and the repudiation of
it declared upon in the 11th section of his first cause of
action, while the defendant conceded the justice of the
demand embodied in section 7 and 8, but pleaded and
offered evidence to prove payment in full of that claim.
After erasing all that is no longer insisted upon, there is no
other allegation upon which a recovery can be asked, unless
it be in the general averment contained in the third section
of the complaint, construed in connection with the contract,
a copy of which was filed as an exhibit.    After abandoning
the claims of two dollars per share on paid-up stock and of
95 per cent. on membership fees, and after his demand of
1½ per cent. on monthly installments paid upon stock had
been admitted, the plaintiff was allowed to testify, the
defendant objecting, that "from December, 1891, to Decem-
ber, 1892," he had "spent $5,000 out of his own pocket, in
and about work for the Association."

Was he entitled to recover back from the defendant any
part or all the money expended, as designated by him, in
the face of the fact that the two demands abandoned and
that conceded to him in the answer, were by express stipu-
lations of the contract to be paid, if at all, in consideration
of duties performed, or caused to be performed by said sec-
ond party, at his *own cost or expense?*    If it were possible
to maintain an action founded upon the alleged expenditure
in the conduct of the business, because in furtherance of
the purposes in contemplation of the parties in entering
into the written agreement, the defendant would be entitled
to a more definite understanding of what he proposed to
prove, than can be gathered from the portions of the com
plaint left intact, or all of it probably with the exhibit
added.

But the contract is one involving mutual considerations,
that on the part of the plaintiff to do certain things at his

own expense and that on the part of the defendant to pay him at a given rate for certain services, if performed. Now that plaintiff by abandoning his grounds of action has admitted his inability to prove that he performed two kinds of service, for which he was to receive payment, and the defendant has conceded his remaining claim, it would be manifestly wrong to allow him to recover in consideration of working at his own expense for the only service rendered, and then to permit him to recover back the consideration on his part. The case bears no analogy to that class of cases where a plaintiff is held to have declared in his complaint both upon a special contract and a *quantum meruit* or a *quantum valebat* (though often inartificially drawn) and afterwards directs his proof to the second ground of action only. Here the plaintiff declares upon the stipulations of the defendant, makes good his claim to have performed one of them, and then demands under a general count the repayment of the consideration in money paid by him in the performance of what he had engaged, in the written instrument, to do.

A plaintiff is not allowed to declare on one cause of action and prove another, because, if such variances are tolerated, however diligent the defendant may be, he can not so prepare his defense as to meet surprises. *Willis* v. *Branch*, 94 N. C., 142; *Conly* v. *Railroad*, 109 N. C., 692. For the reasons given we think there was no error.

No Error.