M. N. ROBERSON v. J. L. MORGAN.

*Action for Damages—Spreading Fires—Pleading—
Complaint.*

1. Sections 52 and 53 of *The Code* apply only to adjoining land owners, and hence an action cannot be maintained thereunder by one damaged by fire started on the land not adjacent to plaintiff's.

2. Though a complaint in an action for destruction of plaintiff's fencing, &c., by a fire started by defendant on land not adjoining plaintiff's, appears to have been brought under Sections 52 and 53 of *The Code*, which apply only to adjacent land owners, yet where it alleges that the defendant " wilfully permitted " the fire to spread over and burn plaintiff's fencing, &c., it, in effect, alleges negligence, and, under the liberality of *The Code* practice, it might be sustained as stating a common-law cause of action grounded on negligence.

3. An agreement by a person to take care of his own lands and to put out a fire started on defendant's lands will prevent recovery by plaintiff for damages caused by fire spreading to his own premises.

This was a CIVIL ACTION, tried before *Robinson, J.*, and a jury, at Fall Term, 1895, of HAYWOOD County Superior Court.

The action was brought by plaintiff under Sections 52 and 53 of *The Code* to recover damages against the defendant for wilfully and unlawfully setting fire to his (defendant's) woods without giving notice to plaintiff, from which the fire spread and damaged plaintiff. The complaint was as follows:

" 1st. That on or about the 27th day of December, 1893, the defendant, without notice to the plaintiff, unlawfully and wilfully did set fire in and to the woods in Haywood county, and did unlawfully and wilfully permit said fire, after having set the same as aforesaid, to spread and burn over the lands of persons whose lands adjoin the plaintiff, and did unlawfully and wilfully permit said fire to burn the fences of the plaintiff on the plaintiff's land to the amount of about five hundred panels, and to burn over the grass, timber and undergrowth on the plaintiff's lands, to the great damage of the plaintiff, to-wit: in the sum of three hundred dollars.

" 2d. That the plaintiff has been damaged by the said

wrongful acts of the defendant in the sum of three hundred dollars,

" Wherefore the plaintiff demands judgment against the defendant for three hundred dollars damages.

" 2. For costs of the action.

" And for such other and further relief as to the court appears equitable and legal."

The answer contained a general denial. It was admitted on the trial that the defendant did set fire to his own woods on a tract of land on the north side of Pigeon river in Haywood county, N. C., on the south side of the Chambers mountain near Clyde, N. C., and that the plaintiff owned two tracts on the south side of said mountain, upon which the alleged damage was sustained, and that neither of the plaintiff's said tracts adjoined the land of the defendant.

There was evidence to the effect that plaintiff had notice of defendant's intention to start the fire for the purpose of burning new ground, and that plaintiff told him to start it, that it would take the fire 24 hours to get to his own place, and that he would whip it or fire against it.

The defendant insisted that plaintiff could not sustain his action in any view of the case :

" 1st. He cannot sustain his action under the statute, (*Code*, Sections 52 and 53,) for the reason that the statutory right of action and the remedy given under it, to recover damages, is only open to adjoining land-owners.

" 2d. He cannot sustain his action as a common-law remedy for the reason that he does not allege in his complaint that the defendant carelessly and negligently set the fire by which he was damaged.

" 3rd. But if the court should hold otherwise, then we insist that his Honor erred in not submitting the issue to the jury tendered by defendant's counsel, to-wit : ' Did

118—63

ROBERSON *v.* MORGAN.

the plaintiff waive notice ?' and in charging the jury in effect that the question of notice was immaterial, and that it was the duty of the defendant at all events to confine the fire to his own land." *Robinson* v. *Kirby*, 7 Jones, 477 ; *Lamb* v. *Sloan*, 94 N. C., 534.

There was a verdict for the plaintiff for $50, and defendant appealed from the judgment thereon.

*Mr. J. M. Moody*, for plaintiff.
*Messrs. Smathers & Crawford*, for defendant (appellant).

FURCHES, J. :    This action seems to have been brought and tried under Sections 52 and 53 of *The Code.* It is admitted in the statement of the case on appeal that plaintiff and defendant are not adjacent land owners. This being so, Sections 52 and 53 do not apply, and plaintiff's action cannot be maintained under the statute.

But it was argued here that, if it cannot be maintained under the statute, it may be as at common-law. To this the defendant objected that the complaint does not allege a common-law liability, in that it failed to allege negligence. And it is plain enough that the complaint was not framed with a view to a common-law liability, and does not in terms allege negligence. Yet, we are of opinion that negligence is in effect alleged in the allegation that " defendant wilfully permitted " the fire to spread over and burn plaintiff's fencing, &c., and that under the liberality of *The Code* practice, as construed in *Stokes* v. *Taylor*, 104 N. C., 394, and *Fulps* v. *Mock*, 108 N. C., 601, the complaint might be sustained, as stating a common-law cause of action. And if the case had been tried on this theory and there had been no other errors in the trial, we would affirm the judgment. There should be *allegata* as well as *probata*. *Smith* v. *B. & L. Asso.*, 116 N. C., 102.

ROBERSON *v.* MORGAN.

But defendant alleges that he had an agreement with plaintiff to put out the fire, and plaintiff agreed to look after and take care of his lands. And from the evidence sent up as a part of the case on appeal, it appears that defendant introduced evidence tending to establish this allegation. And defendant makes this as one of his assignments of error, that the court did not give him the benefit of this evidence in his charge. It does not appear that defendant requested the court to charge upon this evidence, which he should have done, if he wanted the benefit of an exception.

But it appears to us that the case was tried under the conception that defendant was liable, if liable at all, under Sections 52 and 53 of *The Code*, which was an error, and that it has not been presented to the jury and tried as a common-law liability, in which the parties were put squarely at issue upon the correct theory of the case.

If plaintiff did agree with the defendant that he should put out the fire, and that plaintiff would look after and take care of his premises, he should not recover. *Roberson* v. *Kirby*, 7 Jones, 477.

It may be that when the case goes back for a new trial plaintiff will, by leave of court, amend his complaint so as to make it more in conformity with the rules of pleading, as a common-law action. We are of the opinion there should be a new trial.

New Trial.