GEO. W. BRITTAIN v. JOHN DANIELS.

*Pleadings and Proof.*

1. The evidence introduced by the plaintiff must conform to his proofs. So where in his complaint, the plaintiff alleged that he was seized of certain lands in fee, and the evidence showed that he was only entitled to a life estate, he is not entitled to recover, in this state of the pleadings.

2. Where one is in possession of land by virtue of a deed conveying a life estate, he is not estopped by such deed from setting up a title in fee by reason of twenty years possession, against one who is a stranger, and neither party nor privy to the grantor in the deed conveying the life estate.

3. Where it appeared that the *locus in quo* had been in the actual possession of parties under whom the plaintiff claimed, for sixty years prior to 1870, but it did not appear that the possession was continued after that time up to the time when the action was brought, *It was held* to be erroneous for his Honor to charge the jury that the law presumed a grant from twenty years adverse possession, and that they would be at liberty to presume the necessary conveyances to the plaintiff.

4. Where the defendant used a spring on the *locus in quo*, and built a spring house thereon, which he used as his own, *It was held*, a sufficient possession to satisfy the allegation of wrongful possession by the defendant.

5. Where the plaintiff's deed was for a life estate only in the *locus in quo*, with his brothers and sisters, some of whom died without issue, *It was held*, that he could recover the entire tract, under an allegation in the complaint that he was seized in fee; the interest which descended to him from his deceased brothers and sisters being sufficient to support the action.

(*Harkey* v. *Houston*, 65 N. C., 137 ; *Falls* v. *Gamble*, 66 N. C., 455 ; *Hurley* v. *Morgan*, 1 Dev. & Bat., 425 ; *Osborn* v. *Anderson*, 89 N. C., 261 ; *Overcash* v. *Kitchie*, 89 N. C., 384 ; *Yancey* v. *Greenlee*, 90 N. C., 317, cited and approved).

CIVIL ACTION, for the recovery of land, tried before *Gudger, Judge*, and a jury, at August Term, 1885, of the Superior Court of BUNCOMBE county.

The facts appear in the opinion.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Messrs. M. E. Carter* and *C. A. Moore,* (*Messrs. F. A. Sondley* and *C. M. McLeod* were with them on the brief,) for the plaintiff.

*Mr. J. H. Merrimon*, filed a brief for the defendant.

ASHE, J. This action was constituted by the consolidation of two actions into one. The first was begun on the 21st day of October, 1881, and claimed the land represented on the plat, by the lines A, B, P, C, D, 6, 5, 1, 0, A, in the first paragraph of the complaint, and by the lines A, B, C, D, E, F, G, H, I, J, K, L, M, N, I, 5, 1, 0, A, in the second paragraph.

The second action, commenced on the 27th of February, 1883, was brought to recover the land embraced within the lines, 1, 5, 7, 1.

It was admitted by both parties, that the title to the land in controversy was out of the State. The following plat will show the several tracts of land that were respectively claimed by the parties:

The plaintiff, in his complaint, alleged that he was the owner in fee simple of the lands described therein, and that the defendant wrongfully withheld from him the possession of said land. The defendant denied that the plaintiff was the owner in fee simple, and also that he wrongfully held the possession of the same.

The plaintiff introduced a deed from Joseph Eller to himself, dated the 10th of March, 1838, for all the land described in the first complaint, represented on the plat as "G. W. Brittain's, Joseph Eller deed." But this deed conveyed the plaintiff only a life estate, and as his Honor correctly held, under the pleadings in the case, the plaintiff was not entitled to recover any less estate than an estate in fee simple. The plaintiff must make out his case *secundum allegata. Harkey* v. *Houston,* 65 N. C., 137; *Falls* v. *Gamble,* 66 N. C., 455, and Malone on Real Property Trials, p. 54. We are of opinion, therefore, that he is not entitled to recover the land claimed under the Joseph Eller deed, by virtue of that deed, in this action. But his Honor charged the jury, that if the plaintiff had claimed the land up to known and visible boundaries, and had actual, adverse, and continuous possession of the same, for twenty years, excluding the time elapsing between the 20th of May, 1866, and the 1st of January, 1870, title having been admitted to be out of the State, such possession as was consistant with the uses of agriculture, the jury would be at liberty to presume the necessary conveyances for the same to the plaintiff, and if the plaintiff had such possession, he would be entitled to recover. That such possession must be by actual occupation, and continuous, and accompanied by all such acts of ownership, as persons usually exercise over their own lands. To this instruction the defendant excepted.

We find no error in this instrtuction as an abstract proposition, as against the defendant who is a stranger; and as he is neither a party or privy to the deed from Joseph Eller to plaintiff, there is no estoppel upon the plaintiff. There is then, no reason why the plaintiff, notwithstanding the deed from Joseph Eller conveyed to him only a life-estate, may not, as against the defendant in this case, show that he has, independent of the Eller deed, a good fee simple title to the land. This principle was decided in *Hurley* v. *Morgan,* 1 D. & B., 425. RUFFIN, C. J., there laid down the proposition as follows: "We deem it

entirely incorrect to hold that a party, who, upon the trial of a cause in which he asserts a title to the thing in dispute, offers an *argument*, that a particular deed vested the title in him, is precluded, either by way of estoppel or presumption, from insisting that another deed shown in evidence or *presumed*, did vest it. It is indeed a presumption of fact, to be decided by the jury, but it is deduced upon legal principles, and may properly be found, and in many cases ought to be found, although the Court and jury may be satisfied that it never was in fact made." Bearing on the same point is the case of *Osborne* v. *Anderson*, 89 N. C., 261.

But his Honor, we think, failed to make a proper application of the principle, to the facts of the case. For there was evidence here, on the part of the plaintiff, that he had been in possession of that part of the land in controversy, near the angle at A, for forty years or more, and the defendant offered evidence that Adam Eller, under whom he claimed, had been in possession of the same land, near the same point, since sixty years ago, and he died in the year 1868, 1869 or 1870, leaving the land, represented in the plat by the lines A, B, C, D, 5, 0, A, under a grant to John Dillion, and from him to William Pickens, and from Pickens to Adam Eller. But the case does not state whether the possession of, this field was continued after the death of Adam Eller, by any one claiming under him, and in this respect, the statement of the case is imperfect, and that makes the difficulty as to this tract of land. If the possession was continuous, it might probably present the question of the oldest title, and if it was not, then the plaintiff might have asserted a title against the heirs of Adam Eller, if he labored under no disability, by an adverse possession of seven years with color of title. But the plaintiff sets up no claim of adverse possession with color of title, and his Honor, while laying down a correct proposition of law to the jury, omitted to call their attention to these facts, which were important in settling the rights of the parties, and we are therefore of the opinion, there should be

50

another trial in respect to so much of the land described in the complaint, as is embraced within the lines A, B, C, D, 6, 5, 0, A.

Our opinion is, that the plaintiff, from all that appears, is entitled to recover all the residue of the land conveyed to him by the deed of Joseph Eller, represented by the lines 6, D, E, F, G, H, I, J, K, L, M, N, O, to which the defendant sets up no title.

The next inquiry is, whether the plaintiff is entitled to recover the fifty acre tract. He introduced evidence to show that the defendant, at and before the time of commencing this action, used a spring in the fifty acre tract, and had a spring-house, at or near the spring, which he used as his own. This, we think, was sufficient proof of possession, as held by the Court below.

The plaintiff then offered in evidence a grant from the State to his father, William Brittain, dated 2d December, 1792, for the fifty acre tract. Then a deed from William Brittain to plaintiff and Jane Swain, a daughter of the said William Brittain, for the same land, but this deed contained no words of inheritance, and conveyed only a life estate, and then a deed from Jane Swain to plaintiff for the said land.

The defendant offered evidence tending to locate the fifty acre tract, as described in the plat by the lines 1, 5, 6, 7, as the land granted to William Brittain, and that plaintiff had been in the actual possession of the same, and in cultivation of a part thereof for a great number of years.

He also offered evidence to show that William Brittain left four sons and three daughters. Two of the daughters are still living, and one dead, leaving no children. The sons are all dead, except the plaintiff; the sons who died left children, unless William, one of them, died without issue.

The defendant set up no title to the fifty acre tract, but contended that as the deed from William Brittain to the plaintiff and Jane Swain, conveyed to them only a life estate, the plaintiff could not recover under pleadings in the case, because he alleged in the complaint, that he was the owner in fee simple of the

land described therein. But the doctrine laid down in *Hurley* v. *Anderson, supra,* applies equally to this branch of the case. But even if it did not, although the deed from William Brittain to the plaintiff and Jane Swain, conveyed only a life estate, yet when William Brittain died, the reversion in the land descended to his seven children, who then became seized of the land in fee simple, as tenants in common of the reversion, after the plaintiff's life estate, and the plaintiff is entitled to a life estate in the land and an included interest in the reversion of two-sevenths by his purchase of the interest of his sister Jane Swain, and at least of an additional one-sixth of a seventh, by the death of one of his sister, and is the owner in fee to this extent, and as the defendant claims no title to this tract, the plaintiff has the right to recover the entire tract for his life, and for his cotenants. *Overcash* v. *Kitchie,* 89 N. C., 384; *Yancey* v. *Greenlee,* 90 N. C., 317.

Our opinion is, the plaintiff has shown title to the fifty acre tract, and all the land conveyed in the deed from Joseph Eller to the plaintiff, except so much as is embraced within the lines A, B, C, D, 6, 5, 0, A, and therefore there must be new trial, and at the same time, the jury should be directed to inquire into and determine what damages the plaintiff may have sustained by trespasses upon each tract, as claimed by him.

Error.                    Reversed and *venire de novo.*