F. H. PENDLETON, Ex't'r, and in his individual capacity, v. J. H. DALTON.

## *Variance.*

1. Where a variance is not merely formal, but lies at the very root of the cause of action, it is fatal to the plaintiff's right to recover.
2. So where a suit was brought on a contract alleged to have been made with a decedent, and for the benefit of his estate, but the evidence showed that he was not a party to the contract in its origin, nor did he ever acquire an interest in it by assignment, the variance was fatal, and the plaintiff was properly nonsuited.

(*Pendleton* v. *Dalton*, 92 N. C., 185; cited).

CIVIL ACTION, tried before *Boykin, Judge* at Fall Term, 1886, of IREDELL Superior Court.

The Court intimated that upon the evidence the plaintiff could not recover, whereupon he took a nonsuit and appealed.

The facts appear in the opinion.

*Messrs. R. F. Armfield* and *D. M. Furches*, for the plaintiff.
*Messrs. George V. Strong, R. T. Gray* and *E. R. Stamps* filed a brief, for the defendant.

SMITH, C. J. The controversies to which the execution of the two written instruments mentioned in the record have given rise—one made on October 18th, 1862, the other on February 13th, 1863—have been, at various times, and in different forms, before the Court; and their aims and results, as well as the grounds upon which they were prosecuted, are fully stated in the opinion in the last appeal to this Court; *Pendleton* v. *Dalton*, 92 N. C., 185. It is unnecessary to repeat the facts in detail. Suits in equity were instituted in the name of W. J. Pendleton against the defendant; to enforce

performance of the second, as a superseding contract; then in the name of F. H. Pendleton to enforce the former, and in both without success

Again, a suit in equity was instituted by the said W. J. Pendleton, in the United States Circuit Court, to compel execution of the October contract, which by his death abated.

Another action was prosecuted in the name of the devisees of the said W. J. Pendleton, of whom the said Frederick H. was one, in the Superior Court of Iredell county, to obtain a conveyance of the land upon an allegation that the contracts were made in the interest and for the benefit of the deceased, and this action was dismissed for failure to justify the prosecution bond, under a rule in the cause.

In November, 1879, suit was brought by the said F. H. Pendleton, as executor of his deceased father, against the defendant, in which is demanded judgment for the sum ($11,000) paid, as shown in the receipt of February. Upon the trial, the Superior Court intimated an opinion against the plaintiff's ability to maintain the action, in which, upon appeal, this Court concurred.

The present action, begun on June 6th, 1885, is in the name of F. H. Pendleton, as executor, and in his own name, for the use of the estate of said W. J. Pendleton, against the defendant in person, and in his capacity of executor of Placebo Houston, and has for its object, as did that last mentioned, the recovery of the money paid for the land, as damages. It differs from the last proceeding, in that the action is for a breach of the contract of October, which is under seal, and to which there is no statutory bar, while the other was upon the contract of February following, to which, not being under seal, the bar of the statute did apply, and so it was ruled in disposing of that appeal.

The claim now asserted is solely in behalf of the estate of the deceased, upon an equity derived out of an alleged, but undisclosed agency, exercised by the contracting obligor in the

act of entering into the agreement, and must be so considered.

The defendant denies the existence of any such agency, known to him, and asserts the contract to have been, and so intended, as upon its face appears; between the parties who executed it, and in their individual capacities. This responsive statement is sustained by his deposition taken and read in the cause, and wherein he further testifies, that he caused to be prepared and signed, a deed conveying the land according to the covenant stipulations, and tendered the same after receiving the $11,000 payment, to said F. H. Pendleton, and it was refused because it did not embrace the larger area specified in the receipt of February. It is further testified, that after the refusal and the termination of the pending suit, he tendered, or rather offered to return the funds and securities to him, but they had then become, as ever since they have been, utterly worthless.

On the trial before the jury, the plaintiff introduced evidence tending to show that the defendant had collected and applied to his own use the interest accrued on the several Confederate and State securities passed to him, and had transferred the State bonds into his own name; and that he had, in July, 1880, conveyed the same land to one Kennedy.

There was no evidence of mistake in putting the covenant into its existing form, so as to warrant its modification, or that any one but the plaintiff, professedly acting for himself, was known in the transaction of purchase. Moreover, in the bill filed in February, 1868, an exhibit offered as evidence to enforce the contract of October, 1862, it is represented as made with the plaintiff individually, and as such he paid over the purchase money, and in December took possession with his slaves and stock, and worked the plantation. In answer to this, the defendant states, that in the previous suit to enforce the second contract, as contained in the receipt, in the name of the testator, the plaintiff testified to his agency

in the purchase, and its repudiation by him when reported, because it did not embrace the entire plantation.    It is thus apparent, that while the present suit is in equity for the benefit of the testator's estate, it is upon a contract in which he is not a party in its origin or by a subsequent transfer, and consequently cannot prevail.    The defendant made no such contract as alleged, with the plaintiff testator, on which he can recover.    The variance in the case, made in the complaint and in the pleadings, is not immaterial, but the defect lies at the very root of the action.

Without adverting to other difficulties in the plaintiff's way, we discover no error in the opinion of the Court upon the intimation of which he suffered a nonsuit, and therefore it must stand as the judgment of the Court.

No error.                                              Affirmed.