M. FAULK v. F. W. THORNTON.

*Easement—Evidence—Pleading.*

In the trial of an action to recover damages for an alleged obstruction of an easement over lands to which the plaintiff did not, in his complaint, claim title, it was error to admit testimony that the plaintiff had title to the servient land.

CIVIL ACTION, tried at May Term, 1890, of CUMBERLAND Superior Court, *Gilmer, J.,* presiding.

The complaint alleges that the plaintiff is the owner and in possession of the tract of land—a town lot—described by particular metes and bounds specified, that do not embrace the "alley-way" and the room or rooms situate immediately

over the same, presently to be mentioned and described, and that his two-story brick house described is situate upon this lot.

It further alleges—

" 2. That until the times hereinafter complained of there was formerly an open alley-way running the whole length of the aforesaid brick building, by, through and over which the plaintiff, and those under whom he claims, formerly, and from the times whereof the memory of man runneth not to the contrary, and for more than twenty years next preceding the times hereinafter complained of, were wont and accustomed to have free ingress and egress, without hindrance or molestation, to and from the back part of the aforesaid brick building, and the back part of the premises embraced in the aforesaid boundary lines, the said alley-way being on the south side of and adjoining the land whereon said brick building stands.

" 3. That immediately over the aforesaid alley-way, and at a distance from the ground equal to the height of the second story of the aforesaid brick building, and on the south side thereof, and connected with the second story of said brick building, there is enclosed by brick walls a room, which has walls on the east, south and west sides thereof, and opens into the second story of said brick building, the same being really and actually a projection or extension of said second story of said brick building over the alley-way aforesaid, with an open window in the front thereof and an open window in the rear thereof, and the south side of said room is the solid, unbroken brick wall of the building immediately adjoining, which said brick wall of the building immediately adjoining serves to support said room and enclose it on the south side thereof.

" 4. That the plaintiff was, at the times hereinafter complained of, in the peaceable and quiet adverse possession of the aforesaid room over the alley-way aforesaid, using and

occupying the same in connection with his occupancy of the premises and brick building aforesaid.

" 5. That the plaintiff, and those under whom he claims, have continuously, for more than forty years next preceding the times hereinafter complained of, held the quiet, peaceable and undisputed adverse possession of, and used and occupied the aforesaid room over the aforesaid alley-way as a part and parcel of and as belonging to and connected with the occupancy of the second story of said brick building, and enjoyed all the appurtenances and privileges thereto belonging without any hindrance or molestation.

" 6. That within six months next preceding the commencement of this action, that is to say, on or about the 1st day of August, 1883, the defendant, utterly disregarding the plaintiff's rights in the premises, with a large number of laborers and workmen, such as brick-masons and carpenters and other builders in his employment, wrongfully entered upon the premises hereinbefore described, and wrongfully did, or caused to be done and committed, the acts of trespass hereinafter set forth, that is to say:

" 1. Erected a brick wall so as to obstruct and close up the aforesaid alley-way so that the same cannot be any more used as theretofore it had been, and so as to render ingress and egress to and from the plaintiff's said premises impossible;

" 2. Erected said brick wall so as to interfere with the use and enjoyment by the plaintiff and his tenants of the room over said alley-way hereinbefore described;

" 3. Erected said wall so as to destroy one-half (or thereabouts) of the rear window of said room over the alley-way, and closed up about one-half thereof so as to exclude light and air from said room to the extent of said wall, acting as an obstruction to said window;

" 4. Erected said wall, as the plaintiff is informed and believes, partly on the premises described in the aforesaid

deed, and of which the plaintiff was then in the quiet and peaceable adverse possession; and other wrongs to the plaintiff then and there did to the great damage and injury of the plaintiff"

Wherefore, the plaintiff demands judgment:

1. For two thousand dollars damages.

2. For the costs and disbursements of this action.

3. For such other and further relief as he may be entitled to.

The answer denies all the material allegations in the complaint. On the trial, the defendant insisted that in the complaint the alleged "alley-way" was described as situate "on the south side of and adjoining the land whereon said building (brick-building mentioned) stands," and, therefore, he could not claim the ownership of "alley-way" and claim to locate his lines so as to include it; he contended that the plaintiff had alleged a description of his land and he was estopped to depart from this in his proof. The Court held otherwise, and the defendant excepted. "The defendant claimed that the dividing line was in the middle of the alley." There was conflicting evidence as to the possession of the alley-way, and also as to whether the alley-way was open for the public until a short time before the bringing of this action.

Defendant further asked the Court to charge that the plaintiff, in paragraph three of the complaint, having set up a claim to an easement in the alley-way, not as a matter of right, but only as acquired by long usage, and having offered no paper-writing granting an easement to him therein, cannot in this action assert any claim to an easement in the alley; that the claim of plaintiff to an easement in the alley is inconsistent with his claim of title to the land over which the alley passes, and both cannot be asserted in this action.

That the acts of trespass complained of in paragraph six of the complaint as to the obstructing the alley, and all evidence in regard thereto must be disregarded by the jury,

because the plaintiff only claims an easement in said alley and has offered no evidence of any right to an easement therein."

The Court declined to give any of these instructions to the jury, and the defendant excepted.

The defendant also asked the Court to charge that the plaintiff, having set out in subdivison four, paragraph six, of the complaint, that the defendant erected the wall partly on the premises claimed, is estopped now in this action to say that the said wall is wholly on plaintiff's land; and that the plaintiff, having failed to show paper title in himself, or those under whom he claims, prior to December 10th, 1860 (the date of the deed to Reuben Jones), cannot recover on the strength of his paper title. The Court declined to give said instructions, and the defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant, having excepted, appealed to this Court.

*Messrs. W. A. Guthrie* and *T. H. Sutton*, for plaintiff.
*Messrs. N. W. Ray* and *J. W. Hinsdale*, for defendant.

MERRIMON, C. J.—after stating the case: It is not the purpose of this action to recover possession of the land described in the complaint or any part of it, but its object is to recover damages occasioned by the alleged trespass of the defendant thereon. The action is in the nature of the action of trespass *quare clausum fregit* under the former method of civil procedure in this State, and the gist of it is the injury to the possession of the plaintiff. The general rule is that unless at the time the injury complained of was committed the plaintiff was in the possession of the land, trespass cannot be supported. Though the title to the land may come in question, yet it is not essential to the action in all cases that it shall. If the plaintiff shows a legal title to the land, such title draws to it the possession, if there be no adverse

possession, and if he be not in actual possession, he must show a legal title.   *London* v. *Bear*, 84 N. C., 266, and the cases there cited; *Harris* v *Sneeden*, 104 N. C., 369; *Roberts* v. *Preston*, 106 N. C., 411; Chitty Pleading, 174.   The complaint first alleged that the plaintiff is the owner and in possession of the lot of land particularly described on which his brick-house is situate, but it was not insisted on the trial, nor was there any evidence to prove, that the alleged trespass was committed on that land.   Any question in that respect may therefore be put out of view.   And so also the contention as to the title to and possession of the rooms situate above the " alley-way " alleged in the complaint, may be put out of view here, because there was no evidence to prove any trespass in the same, and the Court should have so instructed the jury.

As to the alley-way mentioned, it must be observed that the plaintiff does not in the complaint allege his title to or possession of the same; he simply but distinctly alleges an easement in and through it that himself, and those under whom he claims, had ever been accustomed to have, use and enjoy for a long period of time.   The case settled on appeal states that " there was conflicting evidence as to the possession of the alley-way, and also as to whether the alley-way was open for the public until a short time before the bringing of this action;" but nothing is said of evidence to prove the plaintiff's private right to use and have an easement in the same.   On the trial, however, he contended that he had *title* to the whole alley-way and produced evidence going to prove the same   The defendant objected to the reception of such evidence, upon the ground that the plaintiff had not alleged title to or possession of the alley-way.   The Court overruled his objection, and he excepted.

We think the objection to the evidence of title should have been sustained by the Court.   The easement alleged in the complaint was, in its nature, substance and purpose, distinct and very different from title to the land.   The alle-

gation of it by strong implication admitted title to the land on and over which it was situate in the defendant; and very certainly it did not at all put him on notice to defend and prepare to defend his title to the same as a pleading alleging a cause of action should do. A chief purpose of pleading is to enable parties to litigate their rights intelligently and fairly and prevent shift and undue advantage. And to this end it is a well settled rule that there must be *allegata et probata.* The Court should not receive evidence that is not pertinent in some aspect of material allegations in the complaint, nor should it receive evidence to prove a cause of action not alleged. *McKee* v. *Lineberger,* 69 N. C., 217; *McLaurin* v. *Cronly,* 90 N. C., 50; *Brittain* v. *Daniels,* 94 N. C., 781; *Greer* v. *Herren,* 99 N. C., 492.

This is not the case of variance between the alleged cause of action and evidence to prove the same contemplated by the statute (*The Code,* § 269 and 270). The evidence in this case was received to prove a cause of action not alleged in the pleadings at all. The plaintiff was allowed to introduce evidence to prove that he was the owner of the land, and therefore in possession of the same, in the absence of adverse possession, when he had not alleged any cause of action. *Carpenter* v. *Huffstler,* 87 N. C., 273, and the cases cited *supra.*

There are numerous other exceptions to the pleadings, issues, evidence, instructions given to the jury, and judgment, more or less in confusion, to which we do not deem it necessary to advert. They may be obviated by proper amendment of the pleadings. What we have said is sufficient to show that the defendant is entitled to a new trial, and we so adjudge.

Error.