J. E. HUNT v. GEORGE W. VANDERBILT et al.

*Action for Damages—Pleading—Variance between Allegation and Proof—Nonsuit.*

1. Where, after the testimony of plaintiff was introduced on the trial of an action, the trial judge intimated that the plaintiff could not recover, and there was no motion to amend, it will be assumed on appeal that the intimation was made with reference to the cause of action stated in the complaint.

2. In an action against V. for damages for an injury resulting from the wrongful act of B., the complaint alleged that the act was committed "under the superintendence, control, management and direction of the defendant": *Held*, that the allegation clearly imports that the defendant was sued for the conduct of B. as the defendant's servant, and not otherwise.

3. When, in such case, the testimony disclosed that B. was not the servant of the defendant, but an independent contractor, the cause of action set forth in the complaint was not sustained, and as the plaintiff did not ask to be allowed to amend, the intimation of the trial judge that the plaintiff could not recover was correct.

CIVIL ACTION, to recover damages for personal injuries, tried before *McIver, J.*, at Spring Term, 1894, of BUNCOMBE Superior Court.

· The complaint alleged, in substance, that the defendants being the owner of a lot of land in Asheville, employed one E. H. Britt to excavate it (preparatory to building a house thereon) under the superintendence, control, management and direction of the defendants; that said Britt, "under the supervision, control and direction of the defendants, began, by the use of gunpowder, dynamite, etc., to blast out rocks, and created and continued a public nuisance until the 28th day of May, 1892, when the plaintiff, while standing in the doorway of the Swannanoa Hotel, was injured by a rock which was thrown against him by the negligence of the said Britt, acting " under the supervision, direction, management

and control of the defendants;" that Britt was an unfit, incompetent, unskilled, negligent and inexperienced person.

Defendants in their answer denied so much of the complaint as alleged that the work of excavation was done under their supervision, direction or control, or that they were responsible for the manner in which the work was performed, or for the agents employed by Britt in doing the work. They denied that Britt was either the agent or servant of the defendants, or either of them, and alleged that he was an independent contractor, doing the work as a job and as a whole for a definite fixed sum. They set out in the answer a copy of the advertisement for bids, the bid of E. H. Britt & Co., offering to do the work for " $645 lump job," and the letter signed by the defendant McNamee, accepting the bid, was as follows:

"BILTMORE, N. C., April 30, 1892.

."MR. ELIHU H. BRITT,

ASHEVILLE, N. C.

" *Dear Sir :* Your offer to excavate for $645 lot at southeast corner of Eagle and Market streets, in accordance with the plans of the building, which you have seen, which shows an excavation generally of about nine feet in depth the whole length of the lot, and fifty feet wide, is accepted upon the following conditions:

" *First.* The work is to be fully completed by the 21st day of May, 1892, under penalty of $5 for each day's delay after that date.

"*Second.* The excavation is to be done absolutely in accordance with the drawings, and your bid includes the digging of a trench around the exterior line of the excavation, as shown on the plans, of the depth required by the architect.

"*Third.* The work is to be neatly done to the full satisfaction of the architect, Mr. R. S. Smith, and is to be paid for

only upon his certificate that the work has been properly completed.

"*Fourth.* The lines of the excavation and all the trenches are to be given by our engineer, probably Mr. Olney.

"Please let me know if the terms of this letter are agreed to. If they are, you may begin work Monday morning.

"Yours truly,  CHARLES McNAMEE."

To this letter a reply was received by defendant McNamee, from Britton & Co., asking to be allowed until the 25th of May in which to complete the job, which was granted.

There was evidence introduced on the part of the plaintiff tending to show—

1. That plaintiff had his leg broken while standing on South Main street in front of and partly within the entrance to the Swannanoa hotel, on South Main street in Asheville, on May 28, 1892, by a stone thrown from a blast set off on the premises described by E. H. Britt's foreman, one Thomas:

2. That said blasting had been going on on the premises described in the complaint some ten or fifteen days prior to the blast which, on May 28, 1892, threw the stone that broke the plaintiff's leg, by which blasting stones had been thrown out upon houses near said premises, and out upon South Main, Eagle and Market streets, and other streets thereto, and over the neighborhood around said premises.

3. There was also evidence tending to show that the plaintiff was injured by a stone thrown from said blast on May 28, 1892, and that he had sustained damages by reason thereof for loss of time, pain, expenses incurred by him in the way of medical bills, etc.

There was also evidence tending to show that Britt had the reputation of doing cheap and careless work as a blaster. The plaintiff also introduced, without qualification, the answer of the defendants and the letters constituting the con-

115—36

tract between Britt and the defendants, and rested. The defendants introduced no evidence.

The Court then intimated that, upon the whole evidence, the plaintiff could not recover, and that he should so instruct the jury, whereupon the plaintiff submitted to a nonsuit and appealed.

*Mr. Charles A. Moore,* for plaintiff (appellant).
*Messrs. M. E. Carter* and *J. H. Merrimon,* for defendant.

SHEPHERD, C. J.: We have given this case a very careful consideration, but in view of the variance between the allegations and the proof, which in itself affords a sufficient ground for the intimation of his Honor, we have concluded to refrain from the discussion of the interesting questions so elaborately argued by counsel, and which go to the merits of the controversy, when they shall be properly presented to the Court. Although we are prepared to pass upon these questions, yet as the case is of a peculiar character, and another action may be brought in which the testimony may present new and varying phases of fact, we have concluded that the course indicated is the safer one to pursue in the disposition of this appeal. After the testimony of the plaintiff was introduced, the Court intimated that the plaintiff could not recover. As there was no motion to amend, we must of course assume that the intimation was made with reference to the cause of action stated in the complaint, and if we turn to that pleading it will be seen that it is repeatedly alleged that the act of Britt for which the defendant is sued was committed "under the superintendence, control, management and direction of the defendant." This language is so used that it distinctly qualifies and controls any matter alleged in the nature of inducement or explanation, which sometimes, under the very liberal construction of code pleading, is held sufficient to avoid a variance, and it clearly

imports that the defendant is sued for the conduct of Britt, as the defendant's servant, and not otherwise. The testimony discloses that Britt was not the servant of the defendant, but an independent contractor, and as the principles of law upon which the defendant may be liable for the conduct of Britt in these distinct capacities are, in some very essential particulars, widely different, and really constitute different causes of action, we have but little hesitation in deciding that the evidence fails to sustain the cause of action set forth in the complaint. *Abernathy* v. *Seagle*, 98 N. C., 553; *Pendleton* v. *Dalton*, 96 N. C., 507; *Willis* v. *Branch*, 94 N. C., 142; *Browning* v. *Berry*, 107 N. C., 231; *Brittain* v. *Daniel*, 94 N. C., 781. Doubtless his Honor would have allowed an amendment, but as the plaintiff did not ask for it, and was content to rest his case upon the present complaint, we think the intimation that the plaintiff could not recover was correct, and that the judgment should, therefore, be affirmed.

Affirmed.