W. F. TALLEY v. THE HARRISS GRANITE QUARRIES COMPANY.

(Filed 31 October, 1917.)

1. **Pleading—Proof—Substantial Variance—New Cause of Action.**

   The liberal construction given to pleadings under our Code system does not avoid the necessity that the proof must correspond with the allegation, for proof without allegation is as unavailing as allegation without proof; and where the difference between the allegation of the pleading and the proof is substantial, so as to grossly mislead the other party, amounting to alleging one cause of action and proving another, it is not allowed.

2. **Same—Fellow-servant Act—Railroads.**

   Where the plaintiff's recovery for damages for a personal injury is confined by the pleadings to an alleged negligent order given by defendant's foreman to plaintiff's coemployees, he will not be permitted to recover upon the theory that defendant had failed to furnish sufficient help for the work then being done; nor, except in suits against railroads, can a recovery be had for damages for a personal injury solely arising from the negligent acts of a fellow-servant.

### 3. Instructions—Requests—Issues.

Exceptions to the refusal of the court to give requested instructions are not tenable on appeal when they have been substantially incorporated in the general charge, or where they are not properly addressed to the issues.

CIVIL ACTION, tried before *Long, J.,* at November Term, 1916, of ROCKINGHAM.

Plaintiff alleged that on 10 September, 1915, he was an employee of the defendant quarries company and was called upon by the foreman to assist in removing a heavy cable, attached to a smokestack, to a new anchorage, and in order to do so properly it was necessary to carry it around a pit about 150 feet in depth. He was instructed to take hold of the cable, with another man, at the end of it furtherest from the smokestack, and eight or ten other men were ordered to grapple the cable at a place between the plaintiff and the smokestack, which they did, for the purpose of holding in the slack and preventing the cable from swagging into the pit. The cable extended beyond where plaintiff was directed to go. "When plaintiff reached a given point, carrying the cable, and had gone down the edge of the pit about 4 feet, E. C. Frady, foreman, directed the men holding the cable in a curve around the pit to let go, and instructed the plaintiff to hold on; that the eight or ten men holding the slack in the cable turned loose, as directed, and the cable swung out over the pit with great force and jerked plaintiff to the ground, wrenching and tearing the muscles of his back." These allegations, in section 6 of the complaint, are substantially repeated in section 7. And in reply to the answer, the same averment is again made, in these words: "The order of the foreman of defendant, given to the men holding back the weight of the cable, 'to turn loose,' which order was obeyed and the obeying of said order, under the direction and in the presence of said foreman, caused this plaintiff to be violently thrown to the ground and seriously injured, which result could not have been known or foreseen by this plaintiff, as he was engaged in carrying the cable at the furtherest point, the force and effect of said order being known only to the said foreman, or should have been known by him."

The court instructed the jury that unless the plaintiff had proven by a preponderance of the evidence that the foreman, E. C. Frady, ordered the men, except plaintiff and the man with him, to turn loose the cable, they should answer the first issue "No," and if the injury resulted, not from a negligent order of the foreman, E. C. Frady, to let go the cable, but solely from the negligent act of the men, or servants of the company, in turning it loose, they being fellow-servants of the plaintiff, the jury would leave out of consideration the negligent act of such fellow-servants; and if it was found that the injury was caused proximately

by the negligent act of the fellow-servants of the plaintiff, and not by reason of an order given by the foreman, the jury would answer the first issue "No"; but if Frady gave the order and this proximately caused the injury, the jury should answer the first issue "Yes." The court instructed the jury, in response to plaintiff's prayers for instructions as to assumption of risk and as to the duty of the master to provide a reasonably safe means and methods for his servant to perform his work, such as proper help and a reasonably safe place to work, with proper tools and appliances with which to do his work. The court substantially gave all of the instructions requested by the plaintiff, except the fifth, and there was no allegation as to this one, as the court stated at the time. The jury answered the issue as to negligence in favor of the defendant. Judgment thereon, and plaintiff appealed.

*J. R. Joyce and J. M. Sharp for plaintiff.*
*McMichael & Ray and John M. Robinson for defendant.*

WALKER, J., after stating the case: It has so often been said as to have grown into an axiom that proof without allegation is as unavailing as allegation without proof. There must, under the old or new system of pleading, be *allegata* and *probata,* and the two must correspond with each other. When the proof materially departs from the allegation, there can be no recovery without an amendment. *McKee v. Lineberger,* 69 N. C., 217; *Brittain v. Daniels,* 94 N. C., 781; *Faulk v. Thornton,* 108 N. C., 314; *Pendleton v. Dalton,* 96 N. C., 507; *Hunt v. Vanderbilt,* 115 N. C., 559; *Green v. Biggs,* 167 N. C., 417. It was never intended, even by our liberal Code system, that a plaintiff should be allowed to prove a cause of action which he has not alleged. *McNeill v. R. R.,* 167 N. C., 390; *Kivett v. Telegraph Co.,* 156 N. C., 296; *Anthony v. Seagle,* 98 N. C., 553; *Willis v. Branch,* 94 N. C., 142. When the difference between the allegation of the pleading and the proof is substantial, so that the other party is grossly misled by it, and it really amounts to alleging one cause of action and proving another, it is not a variance merely, but a failure of proof. *Anthony v. Seagle, supra; Willis v. Branch, supra.* The rule is founded on wisdom, and is a just one, for it cannot be supposed that a party has to come prepared to answer a cause of action not alleged by his adversary and quite different from the one which is alleged. It would greatly embarrass him in his defense were it otherwise, and he should not be prejudiced by something which is attributable to the pleader's own fault, and not to any on his part. We give a broad meaning to the pleading, so as to exclude mere technicalities and to put the case upon its merits, if it will not prejudice the other side. This is the principle for determining the effect of a pleading, as

stated in *Blackmore v. Winders,* 144 N. C., 215: "The uniform rule prevailing under our present system is, that for the purpose of ascertaining the meaning and determining the effect of a pleading, its allegations shall be liberally construed, with a view to substantial justice between the parties. Revisal, sec. 495. This does not mean that a pleading shall be construed to say what it does not, but that if it can be seen from its general scope that a party has a cause of action or defense, though imperfectly alleged, the fact that it has not been stated with technical accuracy or precision will not be so taken against him as to deprive him of it. *Buie v. Brown,* 104 N. C., 335. As a corollary of this rule, therefore, it may be said that a complaint cannot be overthrown by a demurrer unless it be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements; for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient." This case was approved in *Brewer v. Wynne,* 154 N. C., 467, where other cases are cited. But while this is the correct rule, it must be remembered that the defendant has some rights which should be respected and safeguarded, and he should not be required to prepare himself to meet his adversary on a ground not chosen by him in his pleading. If it is merely a variance in proof, and can be remedied without serious harm to him by amendment, the court has the power to grant the necessary relief, but not to convert the cause of action, which is stated, into an entirely different one. *McLaurin v. Cronly,* 90 N. C., 50.

In our case the sole allegation is that the defendant's foreman, who was in charge of this gang of workmen, gave a negligent order to some of them to turn loose the cable. This is the gravamen of the complaint, and upon it the plaintiff elected to rest his case and his legal right to a recovery of damages. This allegation he did not establish, as the verdict declares that no such order was given by the foreman. The finding, of course, is fatal to plaintiff's success. But if he had alleged any other act of negligence, such as a failure by the defendant to have a sufficient number of men to move the cable, there would be no evidence of it, as the gang was sufficient, and it seems that the accident could have occurred in only one of two ways, viz., the negligent order of the foreman, which was obeyed by the servants of defendant, or their own negligent act in turning loose the cable without any order from their foreman. There was no such order, and in the latter case the defendant would not be responsible for the negligent act of a fellow-servant, as this

is not a railroad company, and the fellow-servant doctrine still exists in cases like this one.

If under our ruling the prayers for instructions were material, they were substantially given, or concluded improperly, as, for example, the fifth prayer, which asked the court to charge upon matters alleged therein that plaintiff would be entitled to recover. *Witsell v. R. R.*, 120 N. C., 557; *Ruffin v. R. R.*, 142 N. C., 120; *Roberts v. Baldwin*, 155 N. C., 276. The jury having found that no such order as alleged was given by the foreman, the case was cut up by the roots.

In no phase of the case was there any error in the court's rulings. The other objections became immaterial, in the view taken by us, and must fall with the principal exception.

No error.