MRS. JAMES ERWIN WHICHARD, ADMINISTRATRIX OF THE ESTATE OF JAMES ERWIN WHICHARD, DECEASED, v. M. F. LIPE, TRADING AS LIPE MOTOR LINES, AND L. C. TILLEY.

(Filed 4 March, 1942.)

**1. Automobiles § 24c—**

Where, in an action against the owner of a truck upon the doctrine of *respondeat superior*, plaintiff elects to allege the identity of the employee driving the truck, and there is a total failure of proof in support of this allegation and no motion to amend, defendant's motion to nonsuit should be allowed.

**2. Pleadings § 26a—**

Proof without allegation is as unavailing as allegation without proof, and the two must correspond, and when proof materially departs from allegation there can be no recovery without an amendment.

SEAWELL, J., dissenting.

APPEAL by defendant from *Grady, Emergency Judge,* at March Term, 1941, of GUILFORD. Reversed.

Civil action to recover damages for wrongful death resulting from an alleged collision between an oil trailer tank truck being operated by plaintiff's deceased and a truck belonging to the defendant.

The oil truck being driven by Whichard, plaintiff's intestate, was found on the Fayetteville-Sanford highway in Harnett County. It had run into a culvert under the road causing the tank trailer to turn over on the cab. As a result it caught fire. Plaintiff's intestate was in the truck at the time and was burned to death. Another truck belonging to defendant was three or four hundred feet north of the burning truck headed in the same direction and parked on its right side. There was circumstantial evidence tending to show that the two trucks had come into collision by sideswiping.

The plaintiff alleges that the truck belonging to defendant was being operated at the time of the collision by one L. C. Tilley and she makes Tilley a defendant.

The defendant offered no evidence.

There was a verdict for plaintiff. From judgment thereon the defendant appealed.

*Gold, McAnally & Gold for plaintiff, appellee.*
*Sapp, Sapp & Atkinson and Joseph L. Murphy for defendant, appellant.*

BARNHILL, J. Plaintiff elected to allege that defendant Tilley (who was not served with summons) was operating defendant's truck at the time it allegedly collided with the truck occupied by plaintiff's intestate. *Expressio facil cessare tacitum.* There is no evidence tending to support this allegation. Plaintiff so understood and during the trial took the position that some agent of defendant was driving but declined to say which one. The court likewise so understood and more than once charged the jury "there is no evidence in this case as to who was operating the truck known as the Lipe truck." *Non constat* this variance was apparent almost from the beginning of the trial plaintiff made no motion to amend but elected to stand her ground upon the complaint as written.

"It has so often been said as to have grown into an axiom that proof without allegation is as unavailing as allegation without proof. There must, under the old or new system of pleading, be *allegata* and *probata,* and the two must correspond with each other. When the proof materially departs from the allegation, there can be no recovery without an amendment." *Talley v. Granite Quarries Co.,* 174 N. C., 445, 93 S. E., 995; *McKee v. Lineberger,* 69 N. C., 217; *Brittain v. Daniels,* 94 N. C., 781; *Faulk v. Thornton,* 108 N. C., 314; *Hunt v. Vanderbilt,* 115 N. C., 559; *Green v. Biggs,* 167 N. C., 417, 83 S. E., 553.

The plaintiff must make out her case *secundum allegata* and the court cannot take notice of any proof unless there be a corresponding allegation. *Brittain v. Daniels, supra; Faulk v. Thornton, supra; McCoy v. R. R.,* 142 N. C., 383.

Where there is a material variance between the allegation and the proof this defect may be taken advantage of by motion for judgment as of nonsuit, there being a total failure of proof to support the allegation. *S. v. Gibson,* 169 N. C., 318, 85 S. E., 7; *S. v. Harbert,* 185 N. C., 760, 118 S. E., 6; *S. v. Jackson,* 218 N. C., 373, 11 S. E. (2d), 149, and cases cited.

The plaintiff has failed to establish her cause of action as alleged. She requested no amendment. Hence, the motion for judgment as of nonsuit should have been allowed.

Defendant seriously contends that in any event the cause should be nonsuited for failure of proof. Some of us concur in this view for the

reason that we are of the opinion there is no proof of negligence or proximate cause. However, in view of the variance between the allegations and the evidence, which in itself requires a reversal on the ruling on the motion to nonsuit, we have concluded to refrain from a discussion or decision of this question. If plaintiff pursues her cause further then, upon a retrial, the testimony may present new and varying phases of fact. The trial judge should be free to rule thereon unrestrained by any decision by us upon the evidence as it appears on this record. Hence, the course followed in *Hunt v. Vanderbilt, supra,* is the safer and more impartial one to pursue in the disposition of this appeal.

Whether the plaintiff may now in this cause move in the court below for leave to amend under statute, C. S., 545, *et seq.,* is not now before us for decision. See *Shelton v. Davis,* 69 N. C., 324.

The judgment below is

Reversed.

SEAWELL, J., dissenting: Whatever may be its final decision, should this case come here again upon a similar state of facts, the Court has expressly declined to rule one way or the other as to whether there is any evidence in the record in support of plaintiff's claim. The decision dismissing the action by judgment of nonsuit rests solely on the suggested fact of variance between the allegation and proof with respect to the identity of defendant's servant or agent charged with the negligence alleged to have produced plaintiff's injury. To test the correctness of this ruling it must be conceded that there is at least some evidence in support of plaintiff's claim, whether we presently deal with it or not, since otherwise the reservation of opinion on this point would be meaningless.

I think it will not be contended that it was necessary for the plaintiff in stating his cause of action to allege the name or the ·identity of the driver of defendant's truck any more than it would be necessary for a pleader to name the engineer who caused injury by negligently operating a train. The fact that Tilley is named as a codefendant is of no significance on this point as far as Lipe, the other defendant, is concerned. But the plaintiff did name such servant and as the evidence apparently discloses he was not the man. This brings us to a consideration of the matter of variance and the rules which, as a matter of law, should be applied in this case. I think the main opinion has departed from established practice and from our own statutory law, which I regard as so imperative as to be compelling.

Upon the admission of the defendant Lipe, shown upon the trial, the jury might have inferred that another agent of the defendant, one Sullivan, was in charge of the car. According to the evidence Sullivan had power to employ an assistant.

True, there is a "total failure" of proof that Tilley was the man driving defendant's car, but not a total failure of proof with respect to plaintiff's cause of action, which, under the authorities addressed ·to the subject, and our own statute law, is necessary to justify dismissal as of nonsuit. The statutes which I shall presently quote are of application to civil cases, and are not to be confused with any statute of *jeofaile* (C. S., 4625) applicable to criminal indictments, although intended to accomplish similar reforms of common law practice. *S. v. Hedgecock,* 185 N. C., 714, 117 S. E., 47. Opinions in criminal cases involving variance are inapplicable.

It has been considered as axiomatic that a difference between the allegations of a complaint and the evidence adduced to support them does not constitute a material variance unless there is a substantial departure in the evidence from the *issues* upon which the cause of action depends. 49 C. J., 808. ". . . a substantial departure from the issue in the evidence adduced, . . . in some matter which in point of law is essential to the charge or claim." 21 R. C. L., 608, and cases cited; *Browning v. Berry,* 107 N. C., 231, 12 S. E., 195. It is not necessary to prove that which it was not essential to allege. *Cedar Falls Co. v. Wallace Bros.,* 83 N. C., 225; *Gallagher v. Gunn,* 16 Ga. App., 600, 85 S. E., 930; *Orr v. Dawson Telephone Co.,* 35 Ga. App., 560, 133 S. E., 924.

In many jurisdictions adequate statutes have been enacted to relieve against the harshness of the common law doctrine and practice with reference to this subject. *Olson v. Snake River Valley R. Co.,* 22 Wash., 139, 60 Pac., 156. Our own State has enacted laws defining variance, and provided a procedure when that question is raised quite different from that adopted in the present case. It leaves no room for the dismissal of a case for such a cause where there has not been a total failure of proof relating to the cause of action as above defined. Hitherto these statutes have been uniformly applied to situations like the present, and our own opinions upon that subject are explicit.

C. S., 552. Variance, material and immaterial.—"1. No variance between the allegation in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action upon the merits. Whenever it is alleged that a party has been so misled, that fact and in what respect he has been misled must be proved to the satisfaction of the court; and thereupon the judge may order the pleading to be amended upon such terms as shall be just.

"2. Where the variance is not material as herein provided, the judge may direct the fact to be found according to the evidence, or may order an immediate amendment without costs."

C. S., 553. Total failure of proof.—"Where the allegation of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not deemed a case of variance, but a failure of proof."

These statutes divide the subject of variance into two classes—one of them is fatal when it is a total failure of proof; the other is material only when it has actually misled the adverse party to his prejudice in maintaining the action upon its merits. A close study of C. S., 553, does not sustain the view that the variance in this particular case may be classified thereunder as amounting to a total failure of proof, because the facts proved have a material relation to plaintiff's cause of action properly pleaded.

If, then, it is a variance as defined in C. S., 552, and even a material variance, it can be so only by virtue of the fact that it has "actually misled the adverse party to his prejudice in maintaining the action upon the merits." Conceding for argument that it is so, the remedy of the defendant is not for a motion under C. S., 567, for judgment as of nonsuit for failure of proof, or, in other words, a demurrer to the evidence. His remedy lies in C. S., 552, to be pursued in the manner this Court has prescribed.

For a variance between the allegations and the evidence under this statute defendant must make his objection in apt time. *Patterson v. Champion Lumber Co.,* 175 N. C., 90, 94 S. E., 692. And he must pursue the remedy prescribed, or the objection that there is a variance will be deemed immaterial. *Simmons v. Roper Lumber Co.,* 174 N. C., 220, 221, 93 S. E., 736.

Since the sole object is that the case shall be kept in court until it can be tried and decided upon its merits, it is incumbent upon the adverse party, who claims to have been misled, in this case the defendant, at the time the trial discloses the variance, to allege that fact and prove it "to the satisfaction of the court," showing wherein he was misled, whereupon the court will allow an amendment upon such terms as it may deem just—continuing the case if necessary. There is no presumption that he has been misled. That penalty must not include dismissal of the action or loss of substantial rights by either party. *Wright v. Teutonia Insurance Co.,* 138 N. C., 488, 496, 51 S. E., 55. Where the remedy provided in this section as interpreted by the Court is not pursued, the supposed variation will be deemed immaterial. *Simmons v. Roper Lumber Co., supra.*

The statute and the cited decisions make it clear that it is incumbent upon the defendant in the first instance to object because of the variance, point out the manner in which he has been misled; in brief, to make the objection and sustain it with proof satisfactory to the court; and not the

plaintiff's duty to make a motion for amendment until the court is satisfied that the defendant has been so misled. *Simmons v. Roper Lumber Co., supra;* McIntosh, N. C. Practice and Procedure, sec. 490, and cases cited.

In order to consider the matter under the most favorable view to the defendant allowable by the statute, I have conceded much. There are many cases in the books which, under our modern liberal practice, lead to the conclusion that the variance here is immaterial. *Dellinger v. Electric R. R.,* 160 N. C., 532, 539, 76 S. E., 494; *Brown v. Tel. Co.,* 169 N. C., 509, 86 S. E., 290. But we do not have to decide, as was the case at common law, whether the variance is material or immaterial, since the statute decides that question for us. It is immaterial unless the defendant both alleges and proves to the satisfaction of the court that he has been misled. C. S., 552.

Moreover, in the case at bar the defendant definitely waived the only remedy open to him, and the objection is cured by the verdict. McIntosh, *op. cit., supra,* sec. 491. As pointed out above, the motion for judgment as of nonsuit does not raise the question.

I have no room for the development of the subject here, but the necessity for the preservation of this procedure, as a decided reform in our system of judicature, will be apparent at once upon a reading of the cases cited. The purpose of our own and similar statutes is to prevent cases from being thrown out of court upon the technicalities so favored by the common law and to enable courts of justice, when once their jurisdiction has attached, to reach their objectives without frustration and without the added expense and vexation of being compelled to march out of court and back again upon a matter not vital or determinative of the controversy.

In my opinion, the judgment of the court below ought to stand.