SEAWELL, J., dissenting.
Civil action to recover damages for wrongful death resulting from an alleged collision between an oil trailer tank truck being operated by plaintiff's deceased and a truck belonging to the defendant.
The oil truck being driven by Whichard, plaintiff's intestate, was found on the Fayetteville-Sanford highway in Harnett County. It had run into a culvert under the road causing the tank trailer to turn over on the cab. As a result it caught fire. Plaintiff's intestate was in the truck at the time and was burned to death. Another truck belonging to defendant was three or four hundred feet north of the burning truck headed in the same direction and parked on its right side. There was circumstantial evidence tending to show that the two trucks had come into collision by sideswiping.
The plaintiff alleges that the truck belonging to defendant was being operated at the time of the collision by one L. C. Tilley and she makes Tilley a defendant.
The defendant offered no evidence. *Page 54 
There was a verdict for plaintiff. From judgment thereon the defendant appealed.
Plaintiff elected to allege that defendant Tilley (who was not served with summons) was operating defendant's truck at the time it allegedly collided with the truck occupied by plaintiff's intestate. Expressio facitcessare tacitum. There is no evidence tending to support this allegation. Plaintiff so understood and during the trial took the position that some agent of defendant was driving but declined to say which one. The court likewise so understood and more than once charged the jury "there is no evidence in this case as to who was operating the truck known as the Lipe truck." Non constat this variance was apparent almost from the beginning of the trial plaintiff made no motion to amend but elected to stand her ground upon the complaint as written.
"It has so often been said as to have grown into an axiom that proof without allegation is as unavailing as allegation without proof. There must, under the old or new system of pleading, be allegata and probata, and the two must correspond with each other. When the proof materially departs from the allegation, there can be no recovery without an amendment." Talleyv. Granite Quarries Co., 174 N.C. 445, 93 S.E. 995; McKee v.Lineberger, 69 N.C. 217; Brittain v. Daniels, 94 N.C. 781; Faulk v.Thornton, 108 N.C. 314; Hunt v. Vanderbilt, 115 N.C. 559; Green v.Biggs, 167 N.C. 417, 83 S.E. 553.
The plaintiff must make out her case secundum allegata and the court cannot take notice of any proof unless there be a corresponding allegation.Brittain v. Daniels, supra; Faulk v. Thornton, supra; McCoy v. R. R.,142 N.C. 383.
Where there is a material variance between the allegation and the proof this defect may be taken advantage of by motion for judgment as of nonsuit, there being a total failure of proof to support the allegation. S. v.Gibson, 169 N.C. 318, 85 S.E. 7; S. v. Harbert, 185 N.C. 760,118 S.E. 6; S. v. Jackson, 218 N.C. 373, 11 S.E.2d 149, and cases cited.
The plaintiff has failed to establish her cause of action as alleged. She requested no amendment. Hence, the motion for judgment as of nonsuit should have been allowed.
Defendant seriously contends that in any event the cause should be nonsuited for failure of proof. Some of us concur in this view for the *Page 55 
reason that we are of the opinion there is no proof of negligence or proximate cause. However, in view of the variance between the allegations and the evidence, which in itself requires a reversal on the ruling on the motion to nonsuit, we have concluded to refrain from a discussion or decision of this question. If plaintiff pursues her cause further then, upon a retrial, the testimony may present new and varying phases of fact. The trial judge should be free to rule thereon unrestrained by any decision by us upon the evidence as it appears on this record. Hence, the course followed in Hunt v. Vanderbilt, supra, is the safer and more impartial one to pursue in the disposition of this appeal.
Whether the plaintiff may now in this cause move in the court below for leave to amend under statute, C. S., 545, et seq., is not now before us for decision. See Shelton v. Davis, 69 N.C. 324.
The judgment below is
Reversed.