## WILKES POULTRY COMPANY, INC. v. CLARK TRAILER AND EQUIPMENT COMPANY, INC.

(Filed 10 January, 1958.)

**1. Negligence § 16—**

Plaintiff alleged negligence in the performance of a repair to a particular part of a vehicle and damages resulting from an accident when such part gave way while the vehicle was being operated on the highway, but did not allege any contractual agreement of defendant to recondition the vehicle and put it in first class condition. Plaintiff's evidence was to the effect that the part in question was defective, but that defendant did not repair this part. *Held:* Nonsuit for variance was properly entered.

**2. Pleadings § 24: Trial § 23f—**

Allegation and proof must correspond, and when there is a material variance between the allegation and proof, there can be no recovery without an amendment, and nonsuit is proper.

APPEAL by plaintiff from *Phillips, J.,* June Term 1957 of WILKES.

This is a civil action instituted by the plaintiff to recover damages resulting from the alleged defective and negligent workmanship of the defendant in reconditioning a 1950 model Great Dane, AATEZ, tandem axle, deep freeze trailer, 32 feet long, Serial No. 5715, which the defendant sold to the plaintiff on or about 17 May 1956.

It is further alleged that the trailer had the capacity to transport a load of 35,000 pounds, and was purchased for the purpose of transporting perishable mechandise therein and that the defendant knew it was purchased for such purpose.

The evidence shows that on 18 August 1956, around 2:15 p.m., that the plaintiff, through its agents, servants, and employees, was operating a tractor to which was attached the trailer herein described, in an easterly direction on U. S. Highway 22, about 25 miles from Cambridge, Ohio, and after the tractor and trailer had just crossed a bridge and commenced a climb up a long winding hill, suddenly there was a loud snapping and popping noise; the trailer jackknifed to the left and broke loose from the tractor, causing the tractor and trailer to break through the guard rails on the edge of said highway and turn over off said highway, causing substantial damage to the tractor, trailer and cargo of the plaintiff. At the time of the occurrence complained of, the trailer was transporting around 33,000 pounds of beef.

The complaint expressly alleges defective workmanship on the part of the defendant in that it failed to weld properly the rear edge of the towing pin or pintle plate to the second cross

frame of the trailer; that said welding was not done in a workmanlike manner; "that the defendant, by and through its agents, servants and employees, negligently and carelessly failed to use proper weld or welding to attach said pin plate to the cross members of the semi-trailer frame when it knew or, in the exercise of ordinary care, should have known that in the use of said trailer for the purposes for which it was intended, all of which was known to the defendant, that said pin plate would break and shear off and thereby cause damage to the property of this plaintiff."

It is further alleged in the complaint that said negligent acts were the sole and proximate cause of said mishap on 18 August 1956, and the resulting damage to the property of the plaintiff, as set out in the complaint.

The plaintiff's evidence tends to show that the plaintiff and the defendant entered into a contract whereby the plaintiff agreed to purchase the trailer referred to herein, and that the defendant agreed to recondition the trailer and put it in first class condition and to install an aluminum floor therein. That the plaintiff paid the defendant the sum of $460.00 for the work required to recondition the trailer pursuant to the terms of the contract.

The evidence with respect to the condition of the pintle plate, according to a witness admitted to be an expert, was to the effect that the plate had not been properly welded to the frame of the trailer and that a proper inspection of the trailer and the pintle plate by the defendant or one of its employees on 17 May 1956 would have disclosed the lack of weld on the back side of the pintle plate.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed and the plaintiff appeals, assigning error.

*W. H. McElwee, W. L. Osteen, Larry S. Moore, for plaintiff appellant.*

*Trivette, Holshouser & Mitchell, for defendant appellee.*

DENNY, J. Plaintiff does not allege in its complaint that the defendant agreed to recondition the trailer and put it in first class condition, but on the contrary it alleges that the "defendant by its act represented that such work had been safely and securely done." It does allege defective and negligent workmanship on the part of the defendant in connection with the welding of the pintle plate to the frame of the trailer, but there is no evidence tending to show that such welding was done by the defendant. In fact, the plaintiff's evidence tends to show to

POULTRY CO. *v.* EQUIPMENT CO.

the contrary. The plaintiff's expert witness made a drawing of the pintle plate on a blackboard and described the condition of the plate when he examined it immediately after the accident. He testified that the back of the pintle plate had not "been welded for some time * * * I mean on the back side of this plate in this area right here, it had not been welded * * * had been loose for some time * * * There were also marks of broken weld in this zone that were very extensively rusted, far more rusted than the welds on the other part; so we can assume that these were broken for a considerable length of time; my opinion is that they had been broken for some time." In support of his opinion in this respect, he further testified, "It is my opinion that an inspection of the trailer and the pintle plate by the defendant or one of its employees on May 17, 1956, would have disclosed the lack of weld on the back side of the pintle plate and the fact that the weld along the right and left sides and across the front was of intermittent character with gaps."

As we construe the allegations of the complaint, the plaintiff bottoms his cause of action on the negligent and defective manner in which the defendant undertook to weld the pintle plate to the frame of the trailer. On the other hand, the plaintiff offered evidence tending to show that the defendant never attempted to weld the pintle plate to the frame of the trailer at all, but that the defective condition of the pintle plate existed at the time the defendant reconditioned the trailer, and such condition, upon a proper inspection, could have and would have been discovered. Such evidence tends to support the contention of the plaintiff that the defendant failed to recondition the trailer and put it in first class condition. However, the cause of action pleaded is not based on a breach of contract to recondition the trailer and to put it in first class condition. 46 Am. Jur., Section 327, page 507, *et seq.*

In *Talley v. Granite Quarries Co.,* 174 N.C. 445, 93 S.E. 995, this Court said: "It has so often been said as to have grown into an axiom that proof without allegation is as unavailing as allegation without proof. There must, under the old or new system of pleading, be *allegata* and *probata,* and the two must correspond with each other. When the proof materially departs from the allegation, there can be no recovery without an amendment. *McKee v. Lineberger,* 69 N.C. 217; *Brittain v. Daniels,* 94 N.C. 781; *Faulk v. Thornton,* 108 N.C. 314 (12 S.E. 998); *Pendleton v. Dalton,* 96 N.C. 507 (2 S.E. 759); *Hunt v. Vanderbilt,* 115 N.C. 559 (20 S.E. 168); *Green v. Biggs,* 167 N.C. 417 (83 S.E. 553). It was never intended even by our liberal Code system, that a plaintiff should be allowed to prove a cause of action which he has not alleged." See also *McIntosh,* North Caro-

lina Practice and Procedure (2nd Ed.), Volume 1, page 522, Section 981; *Sale v. Highway Commission*, 238 N.C. 599, 78 S.E. 2d 724; *Aiken v. Sanderford*, 236 N.C. 760, 73 S.E. 2d 911; *Whichard v. Lipe*, 221 N.C. 53, 19 S.E. 2d 14, 139 A.L.R. 1147.

In our opinion, in light of the pleadings as now cast and the evidence adduced in the trial below, there is a fatal variance between the pleadings and the proof. Hence, the ruling of the court below is

Affirmed.